Robert O. Brink, J.
This is a motion for summary judgment made in behalf of the defendant Avo Tamm, in an action brought by the plaintiffs against the defendants to recover damages for personal injuries sustained by the plaintiff, Peggy D. Saleem on the 23d day of July, 1964, when an automobile owned by the defendant, Avo Tamm, in which the plaintiff Peggy D Saleem was riding as a passenger, was involved in a collision with a truck owned by the defendant Norwich Express, Inc., and operated by the defendant, Reginald Tucker. The accident occurred in the County of Broome, State of New York.
The basis for this motion is the contention on the part of counsel for the defendant, Avo Tamm, that by reason of the fact that he was a resident of the Province of Ontario, Canada, and the injuréd plaintiff was a resident of England, the law of the Province of Ontario should be applied.
Under the Highway Traffic Act of the Province of Ontario which was in effect on July 23, 1964, the owner or driver of a motor vehicle other than a vehicle operated in the business of carrying passengers for compensation, is not liable for any loss or damage resulting in bodily injury to a guest passenger.
The answer, served by mail on July 7, 1967, in behalf of the defendant, Avo Tamm, contained a general denial and no affirmative defenses. The parties stipulated to a delay service of a bill of particulars pending litigation in the Court of Claims, and the aforesaid answer has never been amended.
In the opinion of this court, the application of the Ontario guest statute is an affirmative defense and should have been pleaded. (Kell v. Henderson, 26 A D 2d 595; Arbuthnot v. Allbright, 35 A D 2d 315.) The defendant should have moved to amend his answer to allege the affirmative defenses, before applying for summary judgment. However, failure to allege *337 this defense or move for summary judgment over a period of four years, constitutes laches, and the defendant should not be permitted to interpose this defense at such a late date. (See Kell v. Henderson, supra, concurring opn. Heklihy, J.)
There are strong reasons why the New York State law should be applicable to the determination of this litigation. In the case of Tooker v. Lopez (24 N Y 2d 569, 585), Chief Judge Fuld in a concurring opinion accepts three certain principles involving guest statutes in conflicts settings. The first and second principles are not applicable. The guest passenger and host driver are not domiciled in the same State. The driver’s conduct did not occur in the State of his domicile. The guest was not injured in the State of her own domicile. The third principle is applicable: “ 3. In other situations, when the passenger and the driver are domiciled in different states, the rule is necessarily less categorical. Normally, the applicable rule of decision will be that of the state where the accident occurred but not if it can be shown that displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants.”
In the case under consideration, we not only have the guest passenger and the driver domiciled in different States, but the accident occurred in New York State. In addition, the action involves two New York State defendants, the owner and the driver of the truck involved in the collision, as a result of which the plaintiff was injured. These additional defendants necessarily are vitally concerned in a determination of liability of the owner and driver of the vehicle in which the plaintiff was riding at the time of the accident. Certainly any liability as to the New York State defendants would be determined by New York State law. To exonerate a codefendant involved in an accident from liability by reason of his domicile, and hold other defendants in under the New York State law, cannot be considered advancing the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants.
Under the facts in this case, defendant’s motion should be denied on the merits, with $10 costs of the motion to the plaintiffs.